UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
PETER J. LAWSON,                                      Civ. Act. No.

        Plaintiff,                          **COMPLAINT**

- against -
                                       JURY TRIAL DEMANDED

CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT; POLICE OFFICER BRENDAN
STORZ; POLICE OFFICER SOFIA HAMID, and
POLICE OFFICERS JOHN DOE 1-2;

        Defendants.
-----------------------------------------------------------------------X

Plaintiff Peter J. Lawson, by his attorneys, for his complaint against the City of New York ("City"), New York City Police Department ("NYPD"), Police Officer Brendan Storz ("Storz"), Police Officer Sofia Hamid ("Hamid"); and Police Officers John Doe No. 1-2 (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action to vindicate the rights of Peter J. Lawson, an African American New York City resident who was harassed, intimidated, taunted, beaten, tazed and brutalized by NYPD officers Storz, Hamid, John Doe 1 and/or John Doe 2. Mr. Lawson was lawfully in his home in Queens when the NYPD officers arrived because of an alleged noise complaint received through 311. The officers then surrounded Mr. Lawson outside of his home, preventing him from returning to his home, wrestled with him, beat him, pulled his long dread lock hair out of his head and tazed him twice. The officers then arrested Mr. Lawson on various false charges. The Queens District Attorney's Office dismissed the charges two weeks later.

2. The officers' brazen actions occurred in the aftermath of the George Floyd murder in Minneapolis, Minnesota, and in the midst of a worldwide reckoning against police brutality

against people of color, which gripped New York City with protests for weeks. Undeterred by these events, Storz, Hamid, John Doe 1 and/or John Doe 2 felt empowered to brutalize Mr. Lawson without fear of consequences for their actions.

3. Defendants' violated Mr. Lawson's rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Mr. Lawson seeks compensatory and punitive damages, an award of costs, attorney's fees, and interest, and such other and further relief this Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteen Amendments to the United States Constitution. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) because one or more of the Defendants resides in the Southern District.

## JURY TRIAL DEMANDED

6. Plaintiffs demand a jury trial on each claim pleaded herein.

## PARTIES

7. Mr. Lawson is a 38-year-old African American citizen of the United States, and resident of the City and State of New York, in Queens County.

8. Defendant City is a municipal corporation duly authorized and incorporated under the laws of the State of New York. The City is authorized to maintain a police department, Defendant NYPD, which acts as the City's agent for law enforcement.

9. At all relevant times herein, the City and NYPD hired, employed, trained, supervised, and controlled Storz, Hamid, John Doe 1 and John Doe 2.

10. Storz was at all relevant times herein a duly appoint and acting officer, servant, employee, and/or agent of the City and NYPD. At all times relevant herein, Storz acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and NYPD, in the course and scope of his duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in him by the City and NYPD, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. Storz is sued in his individual and official capacity.

11. Hamid was at all relevant times herein a duly appoint and acting officer, servant, employee, and/or agent of the City and NYPD. At all times relevant herein, Hamid acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and NYPD, in the course and scope of her duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in her by the City and NYPD, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of his duty. Hamid is sued in her individual and official capacity.

12. John Doe 1 and John Doe 2 is a fictitious name for unidentified police officers who were at all relevant times herein a duly appoint and acting officers, servants, employees, and/or agents of the City and NYPD. At all times relevant herein, John Doe 1 and John Doe 2 acted under the laws, statutes, ordinances, regulations, policies, customs and/or usages of the City and NYPD, in the course and scope of his duties and functions as an officer, servant, employee, and/or agent of the City and NYPD, was acting for, and on behalf of, and with the power and authority vested in him by the City and NYPD, and were otherwise performing and engaging in conduct incidental

to the performance of their lawful functions in the course of their duty. John Doe 1 and John Doe 2 is sued in their individual and official capacity.

## FACTS

13. On June 4, 2020, at approximately 11:00 p.m., Mr. Lawson was lawfully at his lifelong home located at 111-30 128th Street, Queens, New York.

14. Mr. Lawson was at his home with his girlfriend, Rashida Abdul-Aziz, and with other family members, including their three-year-old son.

15. At that time, a marked NYPD patrol car from the 106th precinct pulled up and parked in front of the Lawson's family home. The NYPD officers in the patrol car shined a light into Mr. Lawson's home and appeared to be investigating the premises.

16. Mr. Lawson felt concerned, alarmed, intimidated, and scared by the patrol car and the apparent investigation of his home.

17. Mr. Lawson exited his home and walked towards the patrol car to ask the officers why they were present and investigating.

18. Storz, Hamid, John Doe 1 and/or John Doe 2 exited the patrol vehicle and approached Mr. Lawson in an aggressive and confrontational manner.

19. Three officers surrounded Mr. Lawson in a three-point triangle, were verbally and physically intimidating, and claimed they were responding to a noise complaint received through 311.

20. Mr. Lawson explained to the officers that there was no noise coming from his house and verbally expressed his outrage at being treated that way.

21. Storz, Hamid, John Doe 1 and/or John Doe 2 then began to taunt and act in an aggressive manner toward Mr. Lawson, yelled and screamed in his face, and threatened to cause Mr. Lawson physical bodily harm.

4

22. Mr. Lawson attempted to turn and walk away from the officers and return to his home, but the officers taunted him, mobilized their three point triangle to continue to surround him, and prevented him from leaving.

23. As Mr. Lawson's family looked on, Storz and/or Hamid and/or John Doe 1 and/or John Doe 2 grabbed Mr. Lawson by the wrist, repeatedly punched and beat Mr. Lawson, wrestled him to the ground and immobilized him so that he could not get up.

24. Storz, and/or Hamid, and/or John Doe 1 and/or John Doe 2 continued to beat Mr. Lawson repeatedly about his face and body as he was immobilized.

25. While Mr. Lawson was immobilized, Storz and/or Hamid and/or John Doe 1 and/or John Doe 2, pulled on Mr. Lawson's long dread locks causing a cluster with approximately a one-inch base diameter to dislodge from his head leaving him with a bald spot.

26. While Mr. Lawson was immobilized, Storz and/or Hamid and/or John Doe 1 and/or John Doe 2 shot Mr. Lawson about his body twice with an NYPD issued electro-shock weapon ("taser") causing him to be incapacitated by pain and loss of neurological functions.

27. Storz, Hamid, John Doe 1 and/or John Doe 2 then lifted Mr. Lawson's beaten and shocked body from the ground.

28. Storz and/or Hamid and/or John Doe 1 and/or John Doe 2 placed a handcuffed Mr. Lawson under arrest.

29. Storz and/or Hamid and/or John Doe 1 and/or John Doe 2 then transported Mr. Lawson to the 106th precinct.

30. Storz and/or Hamid and/or John Doe 1 and/or John Doe 2 then transported Mr. Lawson to the hospital where he received medical treatment for his various injuries and had the taser darts medically removed from his body.

31. Storz and/or Hamid and/or John Doe 1 and/or John Doe 2 had Mr. Lawson improperly and unnecessarily handcuffed during the medical treatment.

32. Mr. Lawson was eventually transported to Queens County Central Booking where he awaited arraignment on felony charges.

33. Mr. Lawson was arraigned in Queens County Criminal Court Arraignment Part AR3 in the late hours of June 5, 2020.

34. The arraignment judge set Mr. Lawson's bail at $7,500.00.

35. Mr. Lawson was later released on a partially secured bail.

36. On June 16, 2020, Mr. Lawson and Ms. Abdul-Aziz-Aziz met with then Acting Queens Borough President Sharon Lee, and New York City Councilperson Honorable Adrienne Adams about his treatment by the NYPD, Storz, Hamid, and John Doe 1 and John Doe 2. Borough President Lee and Councilperson Adams were outraged at Mr. Lawson's treatment.

37. On June 17, 2020, the Queens District Attorney's Office dismissed the criminal charges pending against Mr. Lawson related to the arrest herein.

## AS AND FOR A CAUSE OF ACTION

*Deprivation of Rights Protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution by All Defendants*

38. Plaintiff repeats and reiterates each preceding allegation with the same force and effect if set forth fully herein.

39. At all times during the events described herein, Defendants lacked probable cause to detain, arrest and use force against Mr. Lawson.

40. All of Defendants' acts herein were carried out under the color of state law.

41. All of Defendants' acts herein deprived Mr. Lawson of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. § 1983.

42. All of Defendants' acts were carried out in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

43. Defendants' acts caused Mr. Lawson to suffer extreme, acute and severe pain to his body, head, neck, back, shoulders, arms, abdomen, legs and emotional pain.

44. At all times relevant herein, the police officer Defendants had an opportunity to intervene and stop their fellow Defendants' willful violation of Mr. Lawson's rights, but failed to do so.

45. Defendants' acts deprived Mr. Lawson of his rights to due process, to be free from excessive force, and to receive equal protection under the law.

46. **WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in an amount to be determined upon a jury trial of this action; punitive damages in an amount to be determined by a jury trial of this action; costs, interest, and attorney's fees; and for such other and further relief this Court may deem just and proper.

Dated: Brooklyn, New York
July 17, 2020

THE STEINER LAW FIRM, PLLC

By: _____
Norman M. Steiner
130 Water Street
Brooklyn, New York 11201
(646) 600-6676
norm@thesteinerlawfirm.com

*Attorneys for Plaintiff*